

June 18, 2025

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 100077

<u>By Electronic Filing.</u>

**Re:    Olukayode et al. v. City of New York, et al., 25-cv-1232**

Dear Judge Engelmayer:

    I am co-counsel for Plaintiffs in the case above.  As set out below, Plaintiffs ask the Court to adjust the schedule to one that provides 21 days after Defendants' motion for them to consider a Rule 11(c)(2) notice before Plaintiffs' time to begin drafting any opposition begins.  Plaintiffs will cross-move for sanctions on any motion like the one described in ECF No. 16.  As discussed below, Plaintiffs ask the Court to bake 21 days for Rule 11(c)(2) notice into the briefing schedule, so deadlines for any opposition and reply would move to September 5, 2025 and September 19, 2025 respectively.

    Yesterday, Defendants filed what they styled as a "request that the Court endorse [a] proposed briefing schedule for their anticipated motion to dismiss the Complaint."  ECF No. 16.  That request was essentially a request for an extension of time, given that the Court's individual rules do not provide for pre-motion conferences.  And Defendants' extension request did not comply with the Court's rules on extensions, particularly given that Defendants' deadline to move to dismiss is today, June 18, 2025.  Had Defendants sought Plaintiffs position on the request, Plaintiffs would have asked for a schedule that allows time for a Rule 11(c)(2) notice — and Plaintiffs file this letter given that background, to ask the Court to modify the schedule it endorsed without Plaintiffs' position.[1]

    Defendants say they "are planning to move for dismissal of the Complaint pursuant to Federal Rule 12(b)(6) because, inter alia, plaintiffs' claims are time-barred and/or precluded by class action settlement."  ECF No. 16 at 1.[2]  That argument is, on its face, frivolous.  And so, the Court should modify the schedule to allow an appropriate Rule 11 motion to be made as a cross-motion to any motion to dismiss.  And Plaintiffs also believe, perhaps, a teleconference might be productive so Defendants can try to explain what it is they are actually asserting, if it is not the frivolous theory described below.

---

[1] Defendants previously sought (on consent) and received a 60-day and a 30-day extension of time to answer, in part to "properly investigate the allegations of the Complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure."  ECF No. 9 at 1; ECF No. 13 at 1 ("In accordance with defendants' obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Complaint").

[2] Unless otherwise noted, references to ECF are to the docket in this case.



### Discussion.

Defendants' allusion to time-barred claims and a class action bar are related.[3]  To start, Defendants are presumably referring to the settlement in *Sow v. City of New York*, 21-cv-533,.which certified a class of "all persons who were arrested, or arrested and subjected to force, by NYPD officers during the 'George Floyd protests' at" 18 specified locations who had certain specified claims. *See, e.g., Sow*, ECF No. 175-1 ¶ 32.  The dates are all between May 28, 2020 and June 4, 2020 (inclusive), and are defined by incorporated maps.

There are two basics of class action procedure that Defendants' proposed motion cannot be squared with in good faith.

*First*, a class action tolls any applicable statute of limitations, among other reasons to prevent a rush to the courthouse when a class action might resolve all claims.  *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  As courts have explained, "the whole point of American Pipe is to allow unnamed class members to rely on the pending class action in lieu of filing their own protective lawsuits."  *Monroe County Emples.' Retirement Sys. v YPF Sociedad Anonima*, 980 F Supp 2d 487, 491-492 (SDNY 2013).

*Second*, definitionally, a class action only binds members of the certified class:  Plaintiffs here could not have recovered in the class action, so to say it binds them is nonsensical (and the *Sow* class certification order certainly does not purport to do this).[4]  Indeed, if it had anything *like* the effect the City was asserting here, it would have required notice to Plaintiffs (and countless others) and a hearing under Fed. R. Civ. P. 23(e)(2).[5]

First, *American Pipe*.  There is no question that Plaintiffs' claims are timely, because they were "entitled to *American Pipe* tolling … until [the] court accept[ed the] new definition that unambiguously exclude[d] them."  *Defries v Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir 2024) (collecting cases); *see also, Choquette v City of NY*, 839 F Supp 2d 692, 702 (SDNY 2012). The definition that tolled most of the relevant time, proposed in the *Sow* First Amended Complaint ("*Sow* FAC"),[6] unambiguously covers Plaintiffs.  *Sow*, ECF No. 49 ¶ 510[7]; *see also,* ECF No. 1 ¶¶ 15-22 (explaining tolling).

---

[3] In order to crystalize the frivolousness of Defendants' motion — particularly given the strength of the federal claims — Plaintiffs will agree to dismiss their state law tort claims (for which there are arguable class wide notices of claim, but Defendants' arguments on timeliness are not frivolous).

[4]  Indeed, the class settlement itself is clear it only releases claims that "were or could have been asserted by the ***Class Representatives and/or any Class Member*** against the Released Parties."  *Sow*, ECF No. 175-1 ¶ 31 (emphasis added).  And if it did otherwise, there would have been countless objections to certification, by those bound — but not benefitted — by the class resolution.

[5] In fact, Plaintiffs here *couldn't* have objected to *Sow*, because only a "class member may object to the propos[ed]" certification order.  Fed. R. Civ. P 23(e)(5)(A).

[6] Plaintiffs were also covered by the definition in the initial *Sow* complaint.  But the approximately two months between the initial complaint and the FAC in *Sow* do not make any difference, so the initial definition is not discussed above.

[7] That definition, in relevant part, read:

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants do not appear to dispute that Plaintiffs here meet the proposed class definition in *Sow*. Nor could they: Plaintiffs were arrested at protests in May, June, and September of 2020 (comfortably in the date range in *Sow* FAC ¶ 510(a)), and were targeted for protesting. *See* ECF No. 1 ¶¶ 129, 147, 168, 195, 227.

No legal research consistent with Rule 11 could lead an attorney to think that these claims were time-barred. And it is not as if the issue were not explained in the complaint. ECF No. 1 ¶¶ 15-22. *American Pipe* exists for a reason, and any ambiguity about its application will lead to the exact rush to the courthouse it exists to prevent.

*Second,* the certified class. No Plaintiff here was covered by the class ultimately certified in *Sow*. For example, though seriously injured by a baton strike to his face, Plaintiff Olukayode was not *arrested*. ECF No. 1 ¶¶ 133-144. So he is not bound by the resolution of a class that — by its own terms — only covers people (1) "arrested" or (2) "arrested **and** subjected to force" *Sow*, ECF No. 175-1 ¶ 32 (emphasis added). *Accord,* ECF No. 1 ¶¶ 154-165; 227-248 (severe head injury without arrest). Meanwhile, other Plaintiffs were arrested at protests other than those covered by the *Sow* class. For example, the City rejected Plaintiff Ndiaye as a class member because his arrest took place outside of the class bounds for the protest on May 30, 2020 in Harlem. *Compare, e.g.,* ECF No. 1 ¶ 170 (7th Avenue and 24th Street) *with Sow*, ECF No. 175-1 ¶ 32 (class membership defined as being arrested in the area "bordered by West 110th Street, the West Side Highway, West End Avenue, 11th Avenue, and West 42nd Street."). So too for Plaintiff Silver, whose arrest was in *September* 2020. ECF No. 1 ¶ 195.

As above, no investigation that was consistent with Rule 11 would allow an attorney to think Plaintiffs' claims were extinguished as part of the *Sow* class. *Cf., e.g., Martinez v City of NY*, 2018 US Dist LEXIS 13409, at *86, n 21 (EDNY Jan. 24, 2018) ("The complete absence of a reasonable inquiry in the instant case calls into question the good faith of the City's routine requests for additional time to answer."). It is simply not colorable or good faith for the City to assert Plaintiffs' claims are somehow "precluded by [a] class action settlement" that does not include even a *single* Plaintiff in its certified class.

As always, we thank the Court for its time and consideration.

---

"(a) all persons who were targeted for their First Amendment protected activity including being, inter alia, unlawfully detained and/or arrested without fair warning or ability to disperse, subjected to excessive force, and/or subjected to unreasonably lengthy and unsafe custodial arrest processing during the New York City protest marches in opposition to police misconduct and in support of police reform from May 28, 2020 through no earlier than November, 2020 []);

(b) all persons who have been or will be unlawfully detained and/or arrested without fair warning or ability to disperse since May 28, 2020, pursuant to the NYPD's policy, practice, and/or custom of, without legal justification, conducting retaliatory arrests and detentions of individuals protesting in opposition to police misconduct and in support of police reform."

*Sow* FAC ¶ 510.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Respectfully submitted,

_____
/s/

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com