

August 12, 2025

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 100077

By Electronic Filing.

> **Re:**     **Olukayode et al. v. City of New York, et al., 25-cv-1232**

Dear Judge Engelmayer:

I am co-counsel for Plaintiffs in the case above.  I write, pursuant to the Court's Rules, to seek an extension of 21 days to respond to the pending motion to dismiss, both because of work commitments and to provide Defendants the full benefit of the Rule 11 safeharbor period, which they have declined to waive.

Per the Court's Rule 1(E), (1) the original due date is August 15, 2025 (*see* ECF No. 17); (2) Plaintiff previously sought to add 21 days to the schedule (ECF No. 18); (3) the Court said it the request was, at that time, "premature" (ECF No. 19); and (4) Defendants only consent to 14 days, as follows:  "[N]o sanctionable conduct has been set forth – the arguments raised therein seem more appropriate for an opposition brief. As such, Defendants will not be withdrawing their motion. While Defendants do not believe that any extension of time for Plaintiffs' opposition is necessary, as a professional courtesy, we will agree to a two-week extension."

Before Defendants moved to dismiss, Plaintiffs consented to a first 60-day extension of time to answer.  ECF No. 9.  Plaintiffs then consented to another 30 days.  ECF No. 13.  Following the motion to dismiss, Plaintiffs served a Rule 11 letter regarding Defendants' motion on July 29, 2025.  Plaintiffs asked for Defendants position on "consent to 21 additional days past August 15, 2025" or whether Defendants would "formally agree to waive the safeharbor period."  Defendants did not respond.  On August 4, Plaintiffs followed up, and received the position above on August 5, 2025.[1]

As set out below, because Defendants have declined to waive their Rule 11 safe harbor, the Court should now — since it is no longer premature — bake in the 21 days to the briefing and/or amendment schedule.

---

[1] Given the related case letter concerning this and other *American Pipe* cases from the summer 2020 protest litigation — filed around the same time, *see* ECF No. 22 — Plaintiffs also waited to file this motion since this request might be mooted by some changes in scheduling.



## Brief Discussion

As set out in the attached Rule 11 letter (with the exhibit omitted), Defendants' motion is frivolous: It runs roughshod over the Supreme Court's repeated admonition that it "could hardly have been more clear" that "circumvention of Rule 23's protections through a 'virtual representation doctrine'" is forbidden. *Smith v Bayer Corp.*, 564 US 299, 315 (2011). To do so, Defendants cite outdated caselaw — without any note or qualification — that has been "implicitly overruled" (and that note is the first Shepard's case note). *Leaf v Refn*, 742 F App'x 917, 925 (6th Cir 2018).[2] Defendants also simply declare the complaint does not allege things it does. *Compare, e.g.,* ECF No. 21 at 20 ("no Plaintiff alleges they were subject to 'kettling'"); *with* ECF No. 1 ¶ 230 and 230 n. 1 ("Mr. DeVlieger was stopped and encircled," and noting "encirclement is sometimes called 'kettling.' To avoid any objection to this allegation and make it easier to admit, Plaintiffs use NYPD's preferred nomenclature — 'encirclement' and its cognates — in this allegation.").

Yet, Defendants have elected to not even take the opportunity to "correct their objective misstatements," to say nothing of withdrawing legally frivolous arguments (or at least acknowledging contrary Supreme Court precedent and attempting to argue for a change in existing law).[3]

Accordingly, the Court should extend the deadline to respond to the motion to dismiss by at least 21 days, since Defendants have declined to waive the safeharbor period, so Plaintiffs receive the full time to oppose the motion, and Defendants receive the full benefit of the safeharbor period.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*

[2] And that fact is not exactly a subtle point of doctrine following *Smith* and *Taylor*: Rule 23 is the only way to bind non-parties. Yet, Defendants cite, apparently without irony, post-*Smith* cases where the bound non-parties "were members of the class in the New York Action" and "had the opportunity to optout of the settlement but did not do so." *Paribas v New Mexico State Inv. Council*, 2025 U.S. App. LEXIS 12181, at *4 (2d Cir May 20, 2025), *see* ECF No. 21 at 11-13. That is, those cases have exactly what the Supreme Court has directly said is required to bind non-parties; this case, Defendants admit, does not. *See also,* Ex. 1 at 6 (discussing this mischaracterization of *Paribas*).

[3] The purpose of this letter is not to litigate the merits of those decisions — to that end, Plaintiffs are considering filing a cross motion on the motion to dismiss, seeking sanctions, might hold off until the motion to dismiss is resolved and seek sanctions then, or might file their as-of-right amended complaint putting significant emphasis on the matters Defendants have misstated from the complaint, so as to make the mischaracterizations harder to defend.

COHEN&GREEN    Page 2 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

GRANTED.

     Plaintiffs shall file their opposition to defendants' motion to dismiss or, alternatively, their amended complaint, by September 5, 2025. No further opportunities to amend will ordinarily be granted. *See also* Dkt. 17. For avoidance of doubt, the Court grants this extension request in light of extensions previously granted to defendants, *see* Dkts. 10, 14; it expresses no view, explicitly or implicitly, as to plaintiffs' letter regarding a potential motion for sanctions pursuant to Federal Rule of Civil Procedure 11, *see* Dkt. 23-1.

     If plaintiffs do amend, defendants shall, by September 26, 2025: (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court, copying plaintiffs, stating that defendants rely on the previously filed motion to dismiss. If defendants file a new motion to dismiss or rely on their previous motion, plaintiffs' opposition will be due 14 days thereafter, and defendants' reply will be due seven days after that.

     If no amended complaint is filed, plaintiff shall file any opposition to the motion to dismiss by September 5, 2025, with defendants' reply due by September 19, 2025.

SO ORDERED.

Date:  August 14, 2025
      New York, New York

Paul A. Engelmayer
United States District Judge

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com