25 Civ. 1232 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADEWALE OLUKAYODE, MICHELLE MORAN, MOR TALLA NDIAYE, MAXIMILLIAN SILVER, AND BLAKE DEVLIEGER,

                                  Plaintiffs,

-against-

CITY OF NEW YORK, FORMER MAYOR BILL DE BLASIO, FORMER NEW YORK CITY POLICE DEPARTMENT COMMISSIONER DERMOT SHEA, and FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN,

                                  Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3rd Floor*
*New York, New York 10007*

*Of Counsel: Zoe Reszytniak*
*Tel: (212) 356-2547*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. II

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .......................................................................................................................... 1

    POINT I ...................................................................................................................... 1

        PLAINTIFFS' RELIANCE ON OUT-OF-CIRCUIT CASELAW FAILS TO SAVE THEIR TIME-BARRED CLAIMS .................................................................. 1

        A.   The "Arguably" Standard is Inapplicable. ........................................... 1

        B.   Plaintiffs' Reading of the Sow Proposed Class is Overbroad. ........................................................................................ 3

    POINT II ..................................................................................................................... 5

        PLAINTIFFS WERE NOT MEMBERS OF THE SOW PROPOSED CLASS ......................................................................................... 5

        A.   Membership to the Sow Proposed Class Required at Minimum, Custodial Arrest. ........................................... 5

        B.   Sow Encompassed Claims Arising Out of Specific Protests, on Specific Dates. ................................................... 7

    POINT III .................................................................................................................... 9

        PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED ................................................................................................ 9

    POINT IV ................................................................................................................. 10

        PLAINTIFFS' MONELL CLAIMS FAIL ........................................... 10

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                               **Page(s)**

Biden v. Nebraska,
    600 U.S. 477, 143 S. Ct. 2355 (2023) ................................................................................. 3, 6

Camotex, S.R.L. v. Hunt,
    741 F. Supp. 1086 (S.D.N.Y. 1990) ......................................................................................... 4

China Agritech, Inc. v. Resh,
    584 U.S. 743 (2018) ................................................................................................................. 6

Choquette v. City of N.Y.,
    839 F. Supp. 2d 692 (S.D.N.Y. 2012) ...................................................................................... 2

Compagnie Financiere v. Merrill Lynch,
    232 F.3d 153 (2d Cir. 2000) ..................................................................................................... 3

Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.,
    801 F. Supp. 2d 211 (S.D.N.Y. 2011) ...................................................................................... 9

Defries v. Union Pacific Railroad Co.,
    104 F.4th 1091 (9th Cir. 2024) ............................................................................................ 1, 2

Doe v. Pataki,
    481 F.3d 69 (2d Cir. 2007) ....................................................................................................... 3

Fairfield Sentry Ltd. v. Citibank, N.A.,
    630 F. Supp. 3d 463 (S.D.N.Y. 2022) ...................................................................................... 6

Friedland, et al. v. City of N.Y., et al.,
    24 CV 7064 (DLC), 2025 U.S. Dist. LEXIS 188972
    (S.D.N.Y. Sept. 25, 2025) ......................................................................................................... 2

Moffitt v. Town of Brookfield,
    950 F.2d 880 (2d Cir. 1991) ................................................................................................... 11

Packard v. City of N.Y.,
    No. 15 Civ. 07130, 2019 U.S. Dist. LEXIS 38791
    (S.D.N.Y. Mar. 8, 2019) ........................................................................................................... 4

Payne v. De Blasio,
    No. 20 Civ 8924 (S.D.N.Y. 2022) .......................................................................................... 10

Peoples v. Annuci,
    11 Civ. 2694 (ALC), 2021 U.S. Dist. LEXIS 60909
    (S.D.N.Y. Mar. 30, 2021) ......................................................................................................... 3

**Cases**                                                                                              **Pages**

In re Petrobras Sec. Litig.,
    862 F.3d 250 (2d Cir. 2017)..................................................................................4

In re N.Y.C. Policing During Summer 2020 Demonstrations,
    548 F. Supp. 3d 402 (S.D.N.Y. 2021)..............................................................9, 10, 11

Sawtell v. E.I. du Pont de Nemours & Co., Inc.,
    22 F.3d 248 (10th Cir. 1994) ..................................................................................2

Sierra v. City of N.Y.,
    20 Civ. 10291 (CM), 2024 U.S. Dist. LEXIS 38444
    (S.D.N.Y. Mar. 5, 2024) ...................................................................................7, 8, 10

Smith v. Pennington,
    352 F.3d 884 (4th Cir. 2003) ..................................................................................2

Sow v. City of N.Y.,
    No. 21 Civ. 533 (S.D.N.Y. 2022) ...........................................2, 3, 4, 6, 7, 8, 9, 10

Texas Water Supply Corp. v. R.F.C.,
    204 F.2d 190 (5th Cir. 1953) ..................................................................................9

Wood v. De Blasio,
    No. 20 Civ. 10541 (S.D.N.Y. 2022) .....................................................................10

**Statutes**

Fed. R. Civ. P. 10(c) ...............................................................................................9

Fed. R. Civ. P. 12(b)(6)..........................................................................................12

Fed. R. Civ. P. 23(b)(3)............................................................................................4

Local Rule 7.1 .......................................................................................................12

**Other Authorities**

A. Scalia, A Matter of Interpretation:
    Federal Courts and the Law (1997) ......................................................................3

**PRELIMINARY STATEMENT**

In the Opposition, in an attempt to impermissibly extend the statute of limitations, Plaintiffs advance an overly inclusive reading of the Sow proposed class which fails because they rely on out-of-circuit jurisprudence and ignore the rest of the Sow First Amended Complaint, which does not encompass their instant claims. Plaintiffs were not members of the Sow proposed class, cannot avail themselves of American Pipe tolling, and, as such, their claims are barred by the applicable statute of limitations. Furthermore, the claims against the two of the individual Defendants were withdrawn and the third, former Mayor de Blasio, had no personal involvement in the incidents alleged in the FAC. Finally, the municipal liability claim is predicated on expired claims. Thus, the First Amended Complaint ("FAC") should be dismissed in its entirety and with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFFS' RELIANCE ON OUT-OF-CIRCUIT CASELAW FAILS TO SAVE THEIR TIME-BARRED CLAIMS**

A.   The "Arguably" Standard is Inapplicable.[1]

The foundational premise of Plaintiffs' *entire* argument is that because they were "arguably" members of the Sow putative class, they are entitled to American Pipe tolling. The cases Plaintiffs rely on to advance the application of the "arguably" standard, however, are neither controlling nor persuasive, and the Court should decline to apply their reasoning here.

First, Plaintiffs rely on Defries v. Union Pacific Railroad Company to suggest that they are entitled to American Pipe tolling because they "arguably" fell in the Sow putative class. See Pls.

---

[1] As a threshold matter, Defendants do not agree, despite Plaintiffs' assertion otherwise, "that if Plaintiffs were arguably members of the Sow Proposed Class, they receive tolling," because the "arguable" standard, for the reasons discussed *infra*, is inapplicable here. See Pls. Opp. at 5.

Opp. at 17 (citing <u>Defries</u>, 104 F.4th at 1099. The "arguably" standard, however, has not been adopted by the Second Circuit, nor have Plaintiffs explained how it is persuasive and consistent with Second Circuit jurisprudence. Even if it were persuasive, <u>Defries</u> "is inapposite for several reasons," because there, the parties "agreed that the plaintiff qualified as a putative class member under the class definition in the original complaint but disputed whether he was included or excluded in the narrowed class that was later certified," and "therefore did not address whether <u>American Pipe</u> tolling had begun, but instead addressed when it should end." See <u>Friedland, et al. v. City of N.Y., et al.</u>, 24 Civ. 7064 (DLC), September 25, 2025 Opinion and Order filed at ECF 43 ("<u>Friedland</u> Decision & Order") at 13.

  Similarly, on the issue of whether tolling is applicable to "arguably" putative class members where the class-certification motion significantly narrows the proposed class definition, Plaintiffs cite to out-of-circuit caselaw from the Fourth and Tenth Circuits. See Pls. Opp. at 12 (citing <u>Smith v. Pennington</u>, 352 F.3d 884, 894 (4th Cir. 2003) and <u>Sawtell v. E.I. du Pont de Nemours and Co., Inc.</u>, 22 F.3d 248, 254 (10th Cir. 1994). Both <u>Pennington</u> and <u>Satwell</u>, however, support Defendants' position that Plaintiffs cannot rely on <u>American Pipe</u> tolling based on the ambiguous class definition in the <u>Sow</u> pleadings. If anything, these cases suggest that the narrowed definition the <u>Sow</u> certified class should be the asserted class for tolling purposes, which would necessarily exclude Plaintiffs here. See <u>Choquette v. City of N.Y.</u>, 839 F. Supp. 2d 692, 700-701 (S.D.N.Y. 2012) (analyzing <u>Pennington</u> and <u>Satwell</u>). The <u>Choquette</u> court, in discussing <u>Pennington</u>, noted that when it is unclear whether an original complaint encompassed claims plaintiffs later seek to toll, "upon the filing of the class certification motion" with a more narrowed definition "it became clear that th[o]se plaintiffs were not in fact members of the asserted class." See <u>id.</u> Thus, the

"arguably" standard is inapplicable, and the cases to which Plaintiffs cite offer no compelling rationale that is persuasive here.

Second, Plaintiffs argue that the general principles of contract interpretation should be applied to analyzing the proposed class membership. See Pl. Opp. at 17-18. The Sow proposed class does not exist in a vacuum though, and the context of the entire Sow FAC must be considered. "'In textual interpretation, context is everything.'" Biden v. Nebraska, 600 U.S. 477, 511 (2023) (quoting A. Scalia, A Matter of Interpretation 37 (1997)). Plaintiffs cite Peoples v. Annuci, 11 Civ. 2694 (ALC), 2021 U.S. Dist. LEXIS 60909, at *6 (S.D.N.Y. Mar. 30, 2021) and Doe v. Pataki, 481 F.3d 69, 75 (2d Cir. 2007) in support of their position. See Pls. Opp. at 17. However, Peoples and Doe concern a settlement agreement and a consent decree, respectively. See Peoples, 2021 U.S. Dist. LEXIS 60909, at *6; Doe, 481 F.3d at 75. In any event, contract interpretation regarding the parties' intent is only appropriate where the language at issue is drafted by both parties. The Sow FAC, and FAC were drafted solely by Plaintiffs' counsel. There is no common intent or understanding of both parties for the Court to consider, and Plaintiffs' citation to Compagnie Financiere v. Merrill Lynch is irrelevant. See Pls. Opp. at 18 (quoting 232 F.3d 153, 157 (2d Cir. 2000)). Thus, Defendants must rely on the context and textual interpretation of the Sow FAC proposed class definition to assess whether Plaintiffs here were members in Sow. Using that interpretation, Plaintiffs here were not.

**B.    Plaintiffs' Reading of the Sow Proposed Class is Overbroad.**

Using the inapplicable, out-of-circuit caselaw as the basis for their argument, Plaintiffs' late attempt to parse out the unavoidably convoluted Sow proposed class definition results in construction of the proposed class that is vastly overbroad.

Applying Plaintiffs' construction of the Sow proposed class definition results in a class too broad to ever be certified. Such a wide range of potential claims would never pass the

3

predominance requirement of Rule 23(b)(3), because the questions affecting only individual members would likely predominate the questions of law or fact common to the class. See In re Petrobras Sec. Litig., 862 F.3d 250, 260 (2d Cir. 2017). Notably, in Packard v. City of New York, the court recommended denial of the plaintiffs' class certification motion, citing concerns over the breadth of the class where plaintiffs sought to represent a group of individuals arrested across merely *three* days in multiple locations. No. 15 Civ. 07130, 2019 U.S. Dist. LEXIS 38791, at *5, *23 (S.D.N.Y. Mar. 8, 2019). The Sow proposed class under Plaintiffs' broad interpretation is even more concerning – spanning more than *six months* in Clause A of the definition and with no end date in Clause B. Sow FAC ¶ 510. Plaintiffs' claim that "classes over police conduct without reference to specific dates" are routinely certified is unavailing. Pls. Opp. at 26. The cases they cite in support are inapposite because the proposed classes in those cases clearly alleged specific, articulable policies, whereas the Sow FAC alleged a catchall myriad of ambiguously worded "policies," that lacked any point of reference to sufficiently put Defendants on notice that Plaintiffs' instant claims were included. See Pl. Opp. at 26, 27, 27 n. 17 (collecting cases).[2]

Plaintiffs take issue with Defendants' reliance on Camotex, where it was found that "there was no possible way to determine who was a class member" because the proposed class was "so amorphous as to make it impossible to 'limit potential class members.'" Pls. Opp. at 26 (quoting Camotex, S.R.L. v. Hunt, 741 F. Supp. 1086, 1091 (S.D.N.Y. 1990)). However, Plaintiffs' argument that inclusion in Clause A only required that someone be "targeted" for their First Amendment protected rights, Pl. Opp. at 18, 26, suggests that there are *no* limitations on which First Amendment protected activities are at issue in Sow. This is the exact kind of "amorphous" definition that the Camotex court rejected. Indeed, given the breadth of rights protected by the

---

[2] Which is evidenced by the fact the Sow class-certification motion significantly narrowed the class definition.

First Amendment, Plaintiffs' interpretation would render the potential number of class members immeasurable. What actions amount to "targeting" was left vague and, indeed, the list of applicable conduct is explicitly "non-exhaustive." Pl. Opp. at 18; Sow FAC, at ¶ 510. Taking this to its natural extension, the Sow proposed class definition does not specify *who* is doing the targeting, or what First Amendment activity is being targeted. In other words, if Plaintiffs' contentions are true, then *any* action "targeting" a First Amendment protected activity *anywhere* in New York City at the same time a protest related to police misconduct and reform was taking place would fall within the Sow proposed class. This would allow, for example, an individual who was arrested while marching in support of police in Brooklyn in September of 2020 during the same time as a protest in opposition to police misconduct to "arguably" fit into the Sow proposed class definition – individuals whose interests were obviously not being pursued by Sow.

Accordingly, the Court should reject Plaintiffs' attempt to salvage their untimely claims through their self-serving construction of the Sow proposed class.

## POINT II

### PLAINTIFFS WERE NOT MEMBERS OF THE SOW PROPOSED CLASS

Plaintiffs could not have reasonably relied on Sow to protect their interests because they were either not subject to custodial arrests, or not arrested at locations/dates referenced in Sow. See Friedland Decision & Order at 8 (quoting China Agritech, 584 U.S. at 743) (noting the purpose of the American Pipe tolling doctrine "is to preserve the rights of plaintiffs who 'reasonably relied on the class representative, who sued timely, to protect their interests in their individual claims.'").

A.     **Membership to the Sow Proposed Class Required at Minimum, Custodial Arrest.[3]**

---

[3] Despite Plaintiffs' assertion otherwise, Defendants do not concede Plaintiffs Moran, Olukayode, or Devlieger were arrested. See Pls. Opp. at 24.

Plaintiffs argue that individuals who were subject only to force, such as Plaintiffs Olukayode, Moran, and Devlieger, were proposed Sow class members under Clause A. Pls. Opp. at 13-14, 21. This argument fails. First, it misstates what the Sow proposed class definition actually says, claiming that it "incorporate[d]" stand-alone force claims because the definition "separates each [applicable kind of conduct] with an independent, disjunctive "and/or." Id. at 21 (citing Fairfield Sentry Ltd. v Citibank, N.A., 630 F Supp 3d 463, 484 (SDNY 2022)). Clause A of the Sow FAC proposed class definition, however, did not include "and/or" before "subject to excessive force," but did include "and/or" before each of the other kinds of conduct. Sow FAC, at ¶ 510. This indicates that such claims were never intended to serve as stand-alone basis for inclusion in Sow. Plaintiffs' citation to Sow paragraphs relating only to force ignore that these factual allegations were made in the context of force used during the effectuation of the named class representatives' arrests. See Pls. Opp. at 13-14; Biden, 600 U.S. at 511. While some paragraphs do not reference arrests explicitly, arrests were a necessary pre-condition to the force described, supporting the position that to have been a Sow putative class member, an individual had to have been, at minimum, arrested. See Pl. Opp. at 15.

Moreover, Plaintiffs misconstrue Defendants' point regarding the Sow named Plaintiffs. See id. ("Defendants also falsely state the 'Sow FAC also explicitly detailed that specific named Plaintiffs [were] all … arrested' [. . .] While many Sow Plaintiffs were arrested, Barbara Ross was brutally assaulted without arrest.") (quoting Defs. Mem. at 8) (cleaned up)). As made clear in Defendants' opening Memorandum, it cannot be avoided that the explicitly named plaintiffs *who brought claims on behalf of similarly situated individuals* were, at least, arrested. Barbara Ross, a named plaintiff who only made force allegations, was not included in the list of class representatives in the Sow FAC. See Sow FAC ¶ 510 (excluding Barbara Ross). It follows that

6

force-only claims were not intended to be encompassed by Sow as a class action. Indeed, "[b]oth [Clauses] of the Sow class definition relate to arrests and detentions during protests against police misconduct." See Friedland Decision & Order at 9; see also Sow FAC ¶ 514.

Additionally, Plaintiffs mischaracterize the decision in Sierra, et al. v. City of New York, which does not support their arguments here. See Pls. Opp. at 21 (citing Sierra, et al. v. City of N.Y., 20 Civ. 10291 (CM) (GWG), 2024 US Dist. LEXIS 38444, at *2-3 (SDNY Mar. 5, 2024). There, the issue was not whether the certified Sierra class encompassed force claims absent an arrest as Plaintiffs suggest – rather, the court examined whether the term "force" should be interpreted under principles of contract interpretation to include claims of indirect force for settlement purposes where the disputed language had been previously agreed to by the parties. See Sierra, 2024 US Dist. LEXIS 38444, at *3, *6-*7. Here, notwithstanding that the Sow putative class cannot be analyzed through the lens of contract interpretation as discussed in Point I(A), *supra,* the relevant inquiry is whether Defendants could have been on notice that Sow, based on the unilaterally drafted FAC, sought to pursue force-only claims on behalf of the class. And for the reasons detailed herein, Defendants were not.

Accordingly, inclusion in the Sow proposed class required, at minimum, a custodial arrest, and because Plaintiffs Olukayode, Moran, and Dvlieger were not arrested, they are not members of the proposed class entitled to American Pipe tolling.

**B.     Sow Encompassed Claims Arising Out of Specific Protests, on Specific Dates.**

"Simply put, Sow did not toll the statute of limitations for every arrest occurring on the same day as a BLM protest." Friedland Decision & Order at 14. The contention that Plaintiff Ndiaye alleged "all that is necessary" by claiming he participated "in a protest march, at the height of the BLM protests on May 30th [. . .] about police misconduct," does not change the fact that he was not at a protest march described in the Sow pleadings. Pls. Opp. at 25. Defendants were not

7

placed on notice that Plaintiff Ndaiye's claims would have been encompassed by Sow because the pleading did not reference any protest or conduct regarding arrests at 7th Avenue and 24th Street on that day. See FAC at 28 ¶117. Similarly, Defendants could not have had notice that claims arising out of protests regarding Immigration, Customs, and Enforcement – a federal agency – would be part of Sow because the entire action was about the BLM/George Floyd protests. See Pl. Opp. at 25-26. Thus, Plaintiffs Silver and Ndiaye's claims should not be tolled because the incidents giving rise to their claims were not in the ambit of Sow as pled.

Plaintiffs contend that the Sow FAC and the pleadings here incorporate the entirety of every pleading of every action consolidated under In Re: New York City Policing During Summer 2020 Demonstrations, 20 Civ. 08924 (CM) (GWG) (S.D.N.Y.) ("In Re: 2020 Demonstrations") so that Sow "by reference" included Plaintiffs Ndiaye and Silver's arrests. This is without merit. "A pleading may not adopt other pleadings from a wholly separate action." See Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd., 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011) (citing Tex. Water Supply Corp. v. R.F.C., 204 F.2d 190, 196-97 (5th Cir. 1953) (noting that while Fed. R. Civ. P. 10(c) permits reference to other pleadings in the same case, no rule permits adoption of statements from a pleading in a separate case)). Next, Plaintiffs' suggestion that the court in In Re: 2020 Demonstrations "confirmed" the period/dates of the Sow putative class lacks nuance. See Pls. Opp. at 24. The Court's order that Plaintiffs reference simply required discovery productions for the Sow putative class members within the date range identified in Schedule A. In Re: 2020 Demonstrations, ECF No. 663.[4] It in no way purports to make a definitive

---

[4] Plaintiffs' contention Defendants suggested that "Schedule A did not reflect the Sow class" is wrong. See Pls. Opp. at n. 14 (citing Defs. Mem. at 14 n. 7). First, the footnote to which Plaintiffs cite addresses an apparent quote from the City that was made in the FAC with no citation or context. See FAC at 28 ¶ 131. Second, Defendants' point is that Sow was one of the numerous actions cited to in Schedule A, and later Amended Schedule A, and Sow could not be said to incorporate every protest cited therein simply because another matter in the consolidated cases referenced it.

8

determination regarding which dates within the range of all of the consolidated actions were encompassed by the Sow proposed class definition. To further undermine their point, Plaintiffs' own Opposition cites to instances in Sow where a different date range was represented. See Pls. Opp. at 24 n. 14. (indicating Sow sought relief for "all individuals arrested between May 28th and November 2020 [ . . .]").

Accordingly, as the Sow FAC mentioned a set of fourteen specific protests occurring on specific dates and Plaintiffs Ndiaye and Silver were arrested on dates and at protests never referred to in the Sow pleading, they cannot claim they were members of the Sow proposed class to claim entitlement to American Pipe tolling.

## POINT III

### PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

As a threshold matter, Plaintiffs withdrew their claims against former New York City Police Commissioner Shea and former New York City Police Chief Monahan, and the Court should dismiss all claims against both, with prejudice. See Pls. Opp. at 29. Further, Plaintiffs Opposition is silent as to Defendants' argument regarding the official capacity claims asserted against all three individual Defendants, and so Plaintiff abandoned that claim and the Court should dismiss it with prejudice against the only remaining individual Defendant, former Mayor de Blasio.

Next, Plaintiffs' Opposition relies on a misconstruction of a decision issued in In Re: 2020 Demonstrations to argue for the survival of Plaintiff Olukayode's claim against Defendant de Blasio. See Pls. Opp. at 32. Judge McMahon's decision in In Re: 2020 Demonstrations relied upon the pleadings in the other, separate actions with which Sow was consolidated, which were found to have sufficiently alleged his personal involvement by way of approving "broad strategies" and some "specific choices" including the use of batons *specifically at the protests in Mott Haven,*

9

*Bronx* on June 3, 2020, and June 4, 2020. See In Re: 2020 Demonstrations, 548 F Supp 3d at 402 ("*The Attorney General and the Payne, Wood, and Sierra plaintiffs* have also stated a claim against Mayor de Blasio [ . . .]) (emphasis added) (citing to pleadings referencing the June 3 and June 4, 2020 Mott Haven protests). Neither the Sow pleadings nor the FAC allege Defendant de Blasio's personal involvement in any incidents involving the Plaintiffs here. Removing the purposed allegations, the FAC and Sow pleadings contain nothing regarding any conduct, action, or omission of Defendant de Blasio suggesting he was personally involved in any protest other than the one at Mott Haven on June 3, 2020. The In Re: 2020 Demonstrations decision cannot be instructive here because no Plaintiff makes any allegation that they attended the June 3 and June 4, 2020 Mott Haven protests. While Plaintiff Olukayode claims that he was in the vicinity of a protest in Manhattan on June 3, 2020,[5] there is no averment of fact that Defendant de Blasio had any involvement in the conduct of NYPD on June 3, 2020 in that borough. Moreover, no Plaintiff indicates they were at any protest in Mott Haven at all, let alone on a relevant dates. Where an individual is not personally involved in an alleged constitutional deprivation, he cannot be liable. Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991) Accordingly, all of Plaintiffs' claims Defendant de Blasio should be dismissed due to lack of personal involvement.

## POINT IV

## PLAINTIFFS' MONELL CLAIMS FAIL

For the reasons detailed herein, and in Defendants' moving papers, Plaintiffs' Monell claims are predicated on time-barred acts and should be dismissed on this basis alone, regardless of whether any claims were to proceed against any individual Defendants. See Pls. Opp. at 31.

---

[5] Defendants' Memorandum in Point III inadvertently stated that the date of Plaintiff Olukayode's alleged incident was May 29, 2020, which is incorrect.

While courts may in "many situations" permit Monell claims to proceed without individual defendants, none of the cases Plaintiffs cite present any situation comparable to the one here. See id. at 30. (collecting cases). Relatedly, the In Re: 2020 Demonstrations decision regarding the Monell claim is not applicable here because Plaintiffs' claims are time-barred. Id. at 30. Even if they were not, Plaintiffs' Monell claims fail because, as detailed above and as Plaintiffs concede, they do not state an underlying constitutional violation. See Pls. Opp. at 30-31. This is a prerequisite to impose municipal liability. Accordingly, Plaintiffs' Monell claims fail and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and the reasons articulated in their initial memorandum of law, Defendants respectfully request that this Court grant their motion pursuant to Rule 12(b)(6), and dismiss the First Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just.[6]

Dated:     New York, New York
           October 21, 2025

                                        MURIEL GOODE-TRUFANT
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        New York, New York 10007
                                        (212) 356-2537

                                 By:    s/ *Zoe Reszytniak*
                                        Zoe Reszytniak
                                        *Assistant Corporation Counsel*
                                        Special Federal Litigation Division

CC:     **VIA ECF**
        *Counsel of Record*

---

[6] **Word Count Certification**
In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 3,493. I have relied on the word count function of Microsoft Word to prepare this certification.