

MURIEL GOODE-TRUFANT
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZOE RESZYTNIAK
*Assistant Corporation Counsel*
phone: (212) 356-2547
fax: (212) 356-3509
zreszytn@law.nyc.gov

November 19, 2025

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Adewale Olukayode, et al., v. City of New York, et al.
              25 Civ. 01232 (PAE)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent Defendants City of New York ("the City"), former Mayor Bill De Blasio, former New York City Police Department Commissioner Dermot Shea, and former New York City Police Department Chief of Department Terence Monahan (hereinafter "Defendants") in the above-referenced matter. Defendants write to respectfully request a stay of discovery in this matter until the Court reaches a decision regarding their pending Motion to Dismiss, and a corresponding *sine die* adjournment of the initial conference scheduled for December 3, 2025 for the reasons detailed herein. See ECF No. 34.

    Plaintiffs' position regarding Defendants' request is as follows:

> Plaintiffs offered to stipulate to the stay, if Defendants would simply commit to not later using the duration of the stay as a basis to say discovery had become too difficult or burdensome. While most discovery on this case is essentially finished because of the consolidated discovery in In re Policing, some does remain.
>
> Defendants instead refused "any conditions." A stay requires a showing of lack of prejudice and that the equities are balanced. Defendants refusal makes that showing necessarily impossible. The Court should grant the motion, but only on the condition that Defendants agree not use the fact of the stay

> explicitly to prejudice Plaintiffs. And if Defendants refuse to commit that they will not use the stay to cause prejudice, they have made their own showing impossible.

It is Defendants' position that they cannot in good faith abide by Plaintiffs' condition when it is unclear how future discovery will unfold in this matter.

### I. Background

By way of background, Plaintiffs initiated the instant action on February 11, 2025, alleging violations to their civil rights stemming from occurrences in 2020. See ECF No. 1. On September 5, 2025, Plaintiffs filed the First Amended Complaint. See ECF No. 25. On September 26, 2025, Defendants filed a fully dispositive Motion to Dismiss the First Amended Complaint. See ECF Nos. 26-28. Plaintiffs filed their Opposition on October 10, 2025, and Defendants filed their Reply on October 21, 2025. See ECF Nos. 29, 33. On November 3, 2025, the Court scheduled an initial pretrial conference in this matter for December 3, 2025. See ECF No. 34.

### II. Argument

Defendants move to stay discovery in this matter until the Court reaches a disposition regarding their pending Motion to Dismiss, and a corresponding *sine die* adjournment of the December 3, 2025 initial conference. A district court may stay discovery "for good cause shown," FED. R. CIV. P. 26(c), and has discretion to impose a stay of discovery pending the determination of a dispositive motion. See Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987). A potentially dispositive motion warrants a stay of discovery where defendants "raise substantial issues with regard to the viability of plaintiffs' complaint as against defendants and defendants' arguments do not appear to be frivolous or unfounded." Port Dock and Stone Corp. v. Oldcastle Northeast, Inc., No. 5-CV-4294 (DRH) (ETB), 2006 U.S. Dist. LEXIS 94944, at *5 (E.D.N.Y. Mar. 31, 2006); see also United States v. Cnty. of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where a pending motion to dismiss, "if successful, [would be] dispositive of the entire action")."In determining whether a stay of discovery is warranted, courts generally consider the following factors: '(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" Rivera v. Inc. Vill. of Farmingdale, No. 6-CV-2613 (DRH) (ARL), 2007 U.S. Dist. LEXIS 99970, at *3 (E.D.N.Y. Oct. 17, 2007) (quoting Port Dock and Stone Corp., 2006 U.S. Dist. LEXIS 94944, at*4).

As to the first factor, Plaintiffs' claims against the Defendants are legally deficient on a number of grounds; there is thus every reason to anticipate that the Court will dismiss Plaintiffs' claims because: they are time-barred; tolling of the statute of limitations under American Pipe is inapplicable; and in any event, Plaintiffs fail to state any claim upon which relief can be granted, plead that any individual Defendant was personally involved in any of the allegations giving rise to their claims, or plead that the purported violation of their civil rights occurred pursuant to any municipal policies, practices, and/or customs. If Defendants' Motion is granted, the decision will be fully dispositive of all issues raised in the First Amended Complaint. Relatedly, if the Motion

is granted, an initial pretrial conference in this matter will be unnecessary, so that an adjournment best preserves the Court's resources and time.

Turning to the second factor, though no formal discovery demands have been exchanged by the parties at this juncture, the breadth of discovery in this matter will undoubtedly be broad, as it is largely (if not entirely) predicated on claims deriving out of alleged municipal policy, practices, and/or customs pursuant to Monell – even those asserted against the individual municipal actors (i.e., former Mayor Bill De Blasio, former New York City Police Department Commissioner Dermot Shea, and former New York City Police Department Chief of Department Terence Monahan). "In litigation involving Section 1983 Monell claims and claims asserting individual liability of state actors," such as the instant case, "courts in this Circuit have, in appropriate circumstances, stayed discovery or bifurcated the Monell claims until after the plaintiff established liability of the individual defendants." Winbush v. N.Y.C. Dep't of Educ., No. 23 Civ. 01320 (LTS), 2025 U.S. Dist. LEXIS 177361, at *40-41 (S.D.N.Y. Sep. 10, 2025) (citing Oliver v. City of N.Y., 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021); see also Lopez v. City of N.Y., No. 20 Civ. 2502 (LJL), 2021 U.S. Dist. LEXIS 123469, at *3 (S.D.N.Y. July 1, 2021) (collecting cases). As the discovery related to the individual Defendants' liability is inextricably connected to Monell discovery, the burden of responding to any demands will be immense and the second factor weighs in favor of staying discovery until a decision is reached regarding Defendants' Motion to Dismiss.

Third, any purported prejudice to Plaintiffs occasioned by a stay pending resolution of Defendants' Motion to Dismiss would be *de minimis* at most, while requiring the parties to engage in discovery in connection with claims that are likely to not withstand motion practice would greatly prejudice Defendants. Proceeding with discovery at this stage may well result in the wasting of Defendants' time and resources on what is likely to be extensive discovery, particularly as it relates to the purported Monell claims, especially considering that similar claims, brought on similar grounds by Plaintiffs' counsel here were recently dismissed by the Honorable Judge Denise L. Cote. See Friedland, et al., v. City of N.Y., et al., 24 Civ. 07064 (DLC) (S.D.N.Y. Sept. 25, 2024) at ECF No. 43. Significantly, Plaintiffs are not yet entitled to discovery, as they have not yet demonstrated any legally cognizable claims against the Defendants. "As a general proposition, a litigant has to state a claim before he or she is entitled to discovery." Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd., No. 3 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., No. 11-CV-159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted."). Courts in this Circuit have held that a plaintiff cannot use discovery in the hopes of obtaining information with which to salvage an insufficiently pled Complaint. See KBL Corp. v. Arnouts, 646 F. Supp. 2d 335, 346 n. 6 (S.D.N.Y. 2009) ("[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6) . . . ."); see also Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("Except in certain limited circumstances, [such as to perpetuate vital testimony], discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim."); Smartwater, Ltd. v. Applied DNA Sciences, Inc., No. 12-CV-5731 (JS) (AKT), 2013 U.S. Dist. LEXIS 139588, at *17 n. 4 (E.D.N.Y. Sept. 27, 2013) ("Insofar as Plaintiff seems to seek discovery, and flesh out its claims later, this is

inappropriate."). Relatedly, the discovery in this matter largely consists of the discovery previously exchanged in the consolidated protest cases, which was particularly voluminous. To require Defendants to begin reviewing that extensive discovery for this matter when they have a meritorious motion to sismiss pending would be prejudicial and unduly burdensome. Thus, unless and until the Court determines Plaintiffs have asserted any claims that withstand a motion under Rule 12(b)(6), they are not entitled to any discovery.

Finally, a stay of all discovery ultimately benefits the parties and Court should litigation proceed past Defendants' Motion to Dismiss, as it would "have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.'" Gross v. Madison Square Garden Ent. Corp., No. 23 Civ. 3380 (LAK) (JLC), 2023 U.S. Dist. LEXIS 185775, at *6 (S.D.N.Y. Oct. 17, 2023) (internal citations omitted). As noted above, if Defendants' pending Motion to Dismiss is successful as to the claims made against the individual Defendants, all discovery in this matter, and an initial pretrial conference, would be moot. Alternatively, the overall breadth of discovery in this matter will necessarily be impacted by any claims that do survive motion practice and will drastically impact the scope of the parties proposed case management plan, as well as the time needed for any discovery period. By staying discovery until it is clear which – if any – of Plaintiffs' claims in this action can proceed past a 12(b)(6) motion, the parties will save time, resources, and can proceed through discovery more efficiently.

### III.   Conclusion

Accordingly, Defendants respectfully request a stay of discovery, and a corresponding *sine die* adjournment of the December 3, 2025 conference, until the Court reaches a disposition on their pending Motion to Dismiss for the reasons detailed herein.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Zoe Reszytniak*
Zoe Reszytniak
Assistant Corporation Counsel

CC: **VIA ECF**
All Counsel of Record

GRANTED.

The Court stays discovery and adjourns the December 3, 2025 initial conference *sine die*, pending resolution of defendants' motion to dismiss.

SO ORDERED.

Date: November 19, 2025
New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge