# COHEN GREEN

June 15, 2026

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 100077

By Electronic Filing.

Re:   **Olukayode et al. v. City of New York, et al., 25-cv-1232**

Dear Judge Engelmayer:

I am co-counsel for Plaintiffs in the case named[1] above. I write to ask, under Rule 58(d), that the Court enter final judgment as to Plaintiffs other than Plaintiff Ndiaye and sever that portion of the case, such that those Plaintiff can appeal.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[1] The Court directed the caption amended to *Ndiaye v. City of New York*. However, we've left the old caption for this letter specifically because it concerns Plaintiffs besides Ndiaye.

DENIED.

Entry of a final judgment is generally appropriate "only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). Federal Rule of Civil Procedure 54(b), however, "permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005) (citation omitted). Such certification should be granted "only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska*, 947 F.2d at 629 (citation omitted). A district court granting a request for such must therefore "provide a reasoned, even if brief, explanation of its considerations," so that "a reviewing court [will] have some basis for distinguishing between well-reasoned conclusions . . . and mere boiler-plate approval." *Novick*, 642 F.3d at 310 (citation omitted).

Plaintiff's counsel here asks the Court to enter final judgment as to all plaintiffs except Ndiaye, so that they can appeal while Ndiaye's case proceeds. They do not, however, offer any justification for that request, including whether and how granting it would serve judicial efficiency, or whether "some danger of hardship or injustice through delay [] would be alleviated by immediate appeal." *Harriscom Svenska*, 947 F.2d at 629 (citation omitted). The Court thus denies the request, without prejudice to a renewed motion containing adequate justification.

SO ORDERED.

Date: June 17, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge