**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Adewale Olukayode, Michelle Moran, Mor Talla
Ndiaye, Maximillian Silver, and Blake DeVlieger;

*Plaintiffs,*

v.

City of New York; Former Mayor Bill De Blasio;
Former NYPD Commissioner Dermot Shea; and
Former NYPD Chief of Department Terence
Monahan;

*Defendants.*

**25-cv-01232 (PAE)**

---

## PLAINTIFFS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO SEVER AND ENTER JUDGMENT

---

**COHEN&GREEN P.L.L.C.**
J. Remy Green
Elena L. Cohen
1639 Centre St., Suite 216
Ridgewood, New York 11385
t:  (929) 888-9480

**GIDEON ORION OLIVER**
277 Broadway, Suite 1501
New York, NY 10007
t:  (718) 783-3682

**WYLIE STECKLOW PLLC**
Wylie Stecklow
Carnegie Hall Tower
152 W. 57th Street, 8th Floor
NYC NY 10019

**BELDOCK LEVINE & HOFFMAN LLP**
Jonathan C. Moore
David B. Rankin
99 Park Avenue, PH/26th Floor
New York, New York 10016

July 14, 2026

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ii

TABLE OF AUTHORITIES ...........................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT........................................................................................................1

FACTUAL STATEMENT.................................................................................................................1

STANDARDS OF REVIEW............................................................................................................2

ARGUMENT ....................................................................................................................................2

    I.     Certification and Entry of Judgment is Appropriate. ................................................2

         A.     There are multiple parties.......................................................................3

         B.     The Dismissed Plaintiffs' claims have been fully decided. ...........................................3

         C.     There is no just reason for delay. .......................................................................3

CONCLUSION..................................................................................................................................6

**PRELIMINARY STATEMENT**

The Court has granted (ECF No. 37; "Order").  Defendants' motion to dismiss as to all but one of the Plaintiffs (together, the "Dismissed Plaintiffs").  Accordingly, those Dismissed Plaintiffs — who do not have any live claim in the case now — move under Rule 54(b) of the Federal Rules of Civil Procedure, for an entry of a Final Judgment in favor Defendants.

As discussed below, the motion should be granted because it will avoid piecemeal litigation by (among other things) allowing the issue of whether the Dismissed Plaintiffs should be involved in a trial to be resolved fully and finally now, and potentially avoid two trials if they have to wait to appeal the Court's Order until the conclusion of trial by Plaintiff Ndiaye against the same Defendants, on substantially the same claims.  Likewise, the entry of judgment now would allow the possibility that *Monell* discovery on the *Monell* claims the Court found well-pled to potentially at least be only conducted once:  If the Second Circuit reverses, the Dismissed Plaintiffs will likely return to this Court in time to join ongoing discovery; if the Second Circuit reverses only after trial on Plaintiff Ndiaye's claims, discovery will, however many years down the road, simply start over again.

**FACTUAL STATEMENT**

Given the Court's appreciation of brevity, Dismissed Plaintiffs assume the Court's familiarity with the background here, and incorporate the recitation of facts in the Court's Order, as well as the factual statement in the briefing underlying that decision.

The short version is that the Court found that, based on the facts alleged, one Plaintiff (Ndiaye) fell within the tolled class in *NYC Policing*[1], while the Dismissed Plaintiffs did not.  Specifically, it found that a protest about conduct by ICE was not "in opposition to police misconduct and in support of police reform" (Order at 23) and that the proposed definition in the *Sow* FAC did not include people

---

[1] Dismissed Plaintiffs adopt the Court's abbreviations and definitions in the Order.  All citations have quotation marks and internal citations omitted and alterations adopted, unless specifically noted.

1

who were not subjected to custodial arrests.

Dismissed Plaintiffs initially made a letter version of this motion with very brief arguments, which the Court denied "without prejudice to a renewed motion containing adequate justification." ECF No. 40.

## STANDARDS OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. Proc. 54(b). As the Court observed, this cashes out as "permit[ting] certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." ECF No. 40, *quoting Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005).

Accordingly, "[a] district court granting a request for such must therefore provide a reasoned, even if brief, explanation of its considerations, so that a reviewing court will have some basis for distinguishing between well-reasoned conclusions and mere boiler-plate approval." *Id.*, *quoting Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).

## ARGUMENT

As set out below, entering judgment for Defendants as to the Dismissed Plaintiffs meets the relevant, three-part standard articulated in *Grand River* (25 F.3d at 164-65) with ease.

I.   **Certification and Entry of Judgment is Appropriate.**

As noted above, there is a three-part standard for severance and entry of judgment in

circumstances like this one. The Court should grant certification and entry of judgment when (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." *Grand River,* 425 F.3d at 164-65.

The first two factors concern the availability (or not) of certification; the third addresses the wisdom of entering a final judgment and is left to the sound discretion of the district court. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091-92 (2d Cir. 1992).

### A.  There are multiple parties.

There does not appear to be any dispute as to the first factor. There are multiple parties here: Each Plaintiff has similar claims, but those claims are free-standing, and the Dismissed Plaintiffs' claims are not bound up in the resolution of Plaintiff Ndiaye's.

### B.  The Dismissed Plaintiffs' claims have been fully decided.

Similarly, there does not appear to be any dispute that as to the second factor.

If a decision "ends the litigation of th[e relevant] claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final. *Ginett*, 962 F2d at 1092.

The Court's specified that the effect of its Order was to "terminate all parties in this matter except Ndiaye and the City." Order at 30. And it directed the Clerk to revise the caption "such that the sole plaintiff henceforth is identified as Mor Talia Ndiaye." *Id.* Accordingly, the Order ended the litigation and left nothing to do but execute the judgment on all claims by the Dismissed Plaintiffs.

With factors (1) and (2) satisfied, the remaining question is whether factor (3) — applied in discretion — favors certification.

### C.  There is no just reason for delay.

There is no just reason for delay. As explained in *Ginett*, the relevant Federal Rules were amended throughout the mid-twentieth century to make joinder rules far more liberal, and

correspondingly, to land on the proposition that "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are *in*appropriate for rule 54(b) certification." *Ginett*, 962 F.2d at 1092-1096 (emphasis added). *Cf. also, Steve's Homemade Ice Cream, Inc. v Stewart*, 907 F2d 364, 364 (2d Cir 1990) ("an order dismissing a claim against one party **but not completely dismissing either the claim or the party** from the litigation is not eligible for entry of a final judgment under Rule 54(b)") (emphasis added). That is, "the 1961 amendment broadened the Rule to make it available where one party was dismissed from a multi-party suit." *Id.* at 366.

Here, there is nothing making the claims by the Dismissed Plaintiffs inherently inseparable from those of Plaintiff Ndiaye. That is in part because there is no collateral estoppel: Such estoppel is only available when "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007). But because the Dismissed Plaintiffs will not, having had their claims dismissed, have a "full and fair opportunity to litigate the issue in the first proceeding," nothing in the case as it proceeds would bind them. Thus, no efficiency exists in litigating Plaintiff Ndiaye's claims before the Dismissed Plaintiffs can appeal.

Likewise, particularly given the Court's adoption of the City's argument that the delay in filing the complaint here prejudiced the City, to create the possibility that those claims would be revived years down the road, when memories have faded still further would work potentially exactly the prejudice the Court's Order sought to prevent. And by the same token, that delay would also harm the Dismissed Plaintiffs, as their — and officers' — recollections fade without being captured in discovery. [2]

---

[2] Given that all parties are on notice of litigation, it seems unlikely documents would be lost in this time — though it is not inconceivable.

4

Similarly, it remained possible even had the Court denied the motion as to the Dismissed Plaintiffs that either side might move to separate trials as to each individual Plaintiff. While joinder was — Plaintiffs believe — permissible, it was not mandatory. Accordingly, the delay in appeal for the Dismissed Plaintiffs was a consequence of counsel's choice to attempt to litigate these claims efficiently given the overlap. Thus, the Court's finding (which the Dismissed Plaintiffs seek to challenge) that the claims did **not** overlap with Plaintiff Ndiaye's weighs inherently in favor of certification under Rule 54(b). And to that end, it would be a strange result if the Dismissed Plaintiffs are prejudiced because they made the choice to litigate their claims efficiently, rather than each filing their own suits — in which they would have had every right to appeal immediately.

5

## CONCLUSION

For all the reasons discussed above, the Dismissed Plaintiffs respectfully request that the Court enter judgment as to their claims under Rule 54(b).

Dated:    July 14, 2026
          Queens, New York

Respectfully submitted,

**BELDOCK LEVINE & HOFFMAN LLP**

By: _____
Jonathan C. Moore
David B. Rankin

99 Park Avenue, PH/26th Floor
New York, New York 10016
      t: 212-490-0400
      f: 212-277-5880
      e: jmoore@blhny.com
        drankin@blhny.com
        oclark@blhny.com

**WYLIE STECKLOW PLLC**

By: _____
Wylie Stecklow
Wylie Stecklow PLLC
Carnegie Hall Tower
152 W. 57th Street, 8th Floor
NYC NY 10019
t: 212 566 8000
Ecf@wylielaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By: _____
Elena L. Cohen
J. Remy Green
Regina J. Yu

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
      t: (929) 888-9480
      f: (929) 888-9457
      e: elena@femmelaw.com
        remy@femmelaw.com

6