

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

July 15, 2026

**VIA ECF**
Hon. Paul A. Englemayer
Daniel Patrick Moynihan Courthouse
500 Pearl Street
NY NY  10007

> Case:        NDIAYE v. City of NY, et al
> Index:       25-cv-1232 (PAE)(RWL)

Dear Honorable Judge Englemayer:

Please recall that I am co-counsel for Plaintiff NDIAYE in the above referenced matter.  I write this letter on consent of all parties and pursuant to this Courts order dated June 9, 20206 (Docket 38).  Initially, the parties met to discuss this matter multiple times, most recently on July 14, 2025 at 4pm, in attendance was the undersigned for Plaintiff and ACC Zoe Reszytniak for the City of New York.  The Court has scheduled the initial conference for July 22, 2026, at 2:15pm. Defense will have ACC Zoe Reszytniak, 212 356 2547 on the call, and Plaintiff will have J. Remy Green, 929 888 9560 and David Rankin 917 455 0609.  The undersigned may be present depending on a settlement conference before Judge Parker on the dame day that may conflict, Wylie Stecklow, 917 576 6727.

> (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s), and the history of the case;

Mor Talla Ndiaye was arrested on May 30, 2020 during a protest that began in Harlem and continued to 24th Street and Seventh Avenue.  Plaintiff alleged false arrest, and excessive force causing a severe injury to their right leg.  Pursuant to the defense motion to dismiss, the plaintiff is left with their *Monell* claims against the City of New York (see Docket 37, page 26-30).

It is Defendant's position that Plaintiff's arrest was supported by probable cause, any force used in their apprehension was reasonable and that their constitutional rights were not otherwise violated in the course of the Incident detailed in the pleadings. As such, Plaintiff will not be able to show that they suffered any constitutional violation; let alone one that was actually caused by the municipality to sustain their <u>Monell</u> claim.

(2) any contemplated motions;

On July 14, 2026, the dismissed plaintiffs filed a Rule 54(b) motion to sever. The parties do not anticipate further motions before the close of discovery, though they reserve the right to file motions for summary judgment depending on the information disclosed during discovery as well as any discovery motions should any disputes arise that cannot be resolved amongst the parties.

(3) the prospect for settlement.

The parties are already discussing the possibility of settlement. Plaintiff intends to submit a letter with relevant factual information and a demand on or before 7/28/26.  As such, the parties request referral to Judge Lehrberger for a settlement conference in the interim as they continue to develop and exchange their respective positions.
Due to the parties' ongoing discussions and commitment to ascertain whether the claims of the sole plaintiff remaining can be resolved through a settlement conference, the discovery dates in the CMP are a little longer than the Parties would otherwise request to afford sufficient time to evaluate their respective settlement positions prior to the commencement of more protracted discovery and to complete discovery should this matter proceed.

The parties are requesting a referral to Magistrate Judge Lehrburger for a settlement conference.

Respectfully submitted,

Wylie M. Stecklow

cc: all counsel via ECF