

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ZOE RESZYTNIAK
*Assistant Corporation Counsel*
phone: (212) 356-2537
fax: (212) 356-3509
zreszytn@law.nyc.gov

June 27, 2026

**VIA ECF**
Honorable Paul A. Englemayer
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    Ndiaye v. City of New York 25 Civ. 1232 (PAE) (RWL)

Your Honor:

I represent Defendant City of New York in the above-referenced matter. Defendant writes at the Court's direction following the initial conference in this matter to respectfully seek that its Response in Opposition to Plaintiff's Rule 54(b) Motion be held in abeyance until two (2) weeks after the parties advise the Court that their settlement negotiations have been unsuccessful. Plaintiffs consent to this request.

By way of brief background, on June 9, 2026, the Court issued a decision regarding Defendants' Motion to Dismiss the Second Amended Complaint, dismissing the claims of Plaintiffs Olukayode, Moran, Silver and DeVlieger entirely, but permitting Plaintiff Ndiaye's claims against the City to proceed. On July 14, 2026, the dismissed Plaintiffs filed a Rule 54(b) motion to allow their initiation of an appeal from the Court's June 9, 2026 Decision and Order. (See ECF No. 41). On July 15, 2026, the Court ordered Defendant's Response in Opposition to be due on July 28, 2026, and Plaintiffs' Reply to be due on August 4, 2026. (See ECF No. 45). On July 22, 2026, the parties appeared for an initial conference before the Court.

At the initial conference, the parties discussed, *inter alia*, that they had begun the process of ascertaining whether this matter could be resolved via settlement, which would necessarily moot the dismissed Plaintiffs' pending motion, and sought referral to the Honorable Robert W. Lehrberger for a settlement conference. In light of a settlement agreement obviating the basis upon which the dismissed Plaintiffs' motion rests, and to allow the parties to focus their attention to negotiations, Defendant respectfully sought that their Opposition to the motion be held in abeyance. At the conference, counsel for Plaintiff Ndiaye and the dismissed Plaintiffs noted their consent. The Court directed defense counsel to file the instant letter so that Defendant's request was clear on the record.

Accordingly, Defendant writes to request that its Opposition to the dismissed Plaintiffs' Rule 54(b) motion be held in abeyance until two (2) weeks after the parties advise the Court that they were unable to reach a settlement agreement regarding Plaintiff Ndiaye's claims, if applicable.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zoe Reszytniak*

Zoe Reszytniak
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:    **VIA ECF**
All Counsel of Record

GRANTED.

SO ORDERED.

Date:  July 29, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge

2