UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

Mor Talla Ndiaye,

Plaintiff,

-against-

City of New York,

Defendant.

---------------------------------------------------------------------------- x

**STIPULATION AND ORDER OF DISMISSAL**

25 Civ. 1232 (PAE) (RWL)

**WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

1. The above-referenced action is hereby dismissed with prejudice; and

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
October 13, 2026

COHEN&GREEN P.L.L.C.
*Attorneys for Plaintiff*
1639 Centre Street, Ste. 216
Ridgewood, New York 11385
(929) 888.9560

By: J. Remy Green
J. Remy Green
*Attorney for Plaintiff*

STEVEN BANKS
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: Zoe Reszytniak
Zoe Reszytniak
*Assistant Corporation Counsel*

SO ORDERED:

______________________________
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

Dated: _______________, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------x

MOR TALLA NDIAYE,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

--------------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

25 Civ. 1232 (PAE) (RWL)

**WHEREAS,** plaintiffs commenced this action by filing a complaint on or about February 11, 2025, alleging that defendants City of New York, Bill De Blasio, Terence Monahan and Dermot Shea violated plaintiffs' federal civil rights; and

**WHEREAS,** on September 5, 2025, plaintiffs filed the First Amended Complaint (ECF No. 25); and

**WHEREAS,** on September 26, 2025, defendants filed a Motion to Dismiss the First Amended Complaint in its entirety (ECF No. 26); and

**WHEREAS,** on June 9, 2026, the Court granted the dismissal of plaintiffs Moran, Olukayode, DeVliger and Silver's claims in their entirety with prejudice; and further dismissed defendants Mohahan, De Blasio and Shea from this action with prejudice (ECF No. 37); and

**WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff Ndiaye's allegations; and

**WHEREAS,** the remaining plaintiff Ndiaye (hereinafter "plaintiff") and the City of New York ("the parties") now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff Ndiaye has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Mor Talla Ndiaye the sum of Eighty Thousand Dollars ($80,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant and to release defendant City; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of

Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendant reserves the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the

subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 13, 2026

COHEN & GREEN P.L.L.C.
*Attorneys for Plaintiff*
1639 Centre Street, Ste. 216
Ridgewood, New York 11385
(929) 888.9560

By: J. Remy Green
J. Remy Green
*Attorney for Plaintiff*

STEVEN BANKS
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: Zoe Reszytniak
Zoe Reszytniak
*Assistant Corporation Counsel*